UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY CUMMINGS,

                             Plaintiff,

       v.                                    Civil Action No. _____

NELSON, WATSON &
ASSOCIATES, LLC,

                             Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Tiffany Cummings is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Nelson, Watson & Associates, LLC, (hereinafter "Nelson") is a foreign limited liability company organized and existing under the laws of the State of Massachusetts and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff Cummings incurred a credit card debt to The Bon-Ton Stores, Inc. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff thereafter defaulted on the subject debt.

2

20. That upon information and belief, Defendant Nelson was then employed by the account holder to collect the subject debt.

21. That in or about early October of 2008, Defendant called Plaintiff's cellular telephone, wherein they left an automated voice message stating that "It is imperative that this call be returned as soon as possible to 1-800-798-5606." Said message failed to disclose the identity of the caller, that they were a debt collector, or that they were attempting to collect a debt.

22. That in accordance with the instruction provided by the aforementioned message, Plaintiff called the telephone number. Defendant answered the call and identified themselves as the "pre-litigation department" of Defendant Nelson calling to collect the subject debt.

23. That upon information and belief, there was no such department as the "pre-litigation department" within Defendant's company.

24. That upon learning that Defendant was the "pre-litigation department", Plaintiff became worried that Defendant was preparing to commence a legal action against her. Thereafter, Plaintiff requested Defendant mail her a letter validating the debt. Defendant refused to comply with Plaintiff's request, stating they had previously mailed two validation letters.

25. That after confirming the mailing address, both parties discovered that Defendant Nelson had in fact mailed the aforementioned validation letters to Plaintiff's former mailing address, where Plaintiff Cummings previously resided with her parents. Plaintiff immediately provided her current mailing address and requested another validation letter to be sent to her current address. However, Defendant refused said request stating that not only would they not send her a validation letter to her correct mailing address, but that she had only herself to blame for failing to update the mailing address. Defendant further retorted, "Why would you need a [validation] letter when you don't pay!"

26. That Plaintiff then responded that she needed the validation letter and that she believed no explanation was necessary. To this, Defendant nastily replied, "Well, Tiffany, I am going to put in a recommendation that this account be pursued legally. You will have a judgment filed against you and then we'll see how much of it is my business!" Consequently Plaintiff became upset and disconnected said call.

27. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant intend to take legal action because Plaintiff exercised her right to demand a validation letter to be mailed to her current mailing address.

28. At the time of Defendant's aforementioned representations, Defendant lacked both the intent or the authority from The Bon-Ton Stores, Inc. to commence a legal action against Plaintiff.

29. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

30. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692f, by falsely representing that there was a "pre-litigation department" in their office and that the caller was in that department, that they intend to and had authorization from The Bon Ton Stores, Inc. to commence a legal action against Plaintiff when such action was not yet intended or authorized, and by using unfair or unconscionable means to collect or attempt to collect the alleged.

    B. Defendant violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11) by failing to identify themselves in the telephone message they left with Plaintiff.

32. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

33. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

34. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating a telephone call to Plaintiff's cellular telephone service and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such a message.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their telephone call or calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

40. Plaintiff received a telephone call from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for the call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

41. The Defendant caused said telephone call of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 13, 2009

_____S/KENNETH R. HILLER_____
Kenneth R. Hiller, Esq.

Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com